# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Paula Conner,

    Plaintiff

v.

United States of America and C.K. O'Neal,

    Defendants

Case No.: 2:22-cv-01746-JAD-VCF

**Order Granting Defendants' Motion to Dismiss**

[ECF No. 3]

      Paula Conner sues the United States of America and "IRS Officer C.K. O'Neal," seeking ten million dollars and other relief for a multitude of alleged constitutional violations arising from the collection of taxes from her, a "Living Soul" who is exempt from taxation.[1] The government moved to dismiss Conner's suit with prejudice for lack of subject-matter jurisdiction, for insufficient service, and for failure to state a viable claim.[2] I initially granted the motion under Local Rule 7-2(d) because Conner did not oppose it by the deadline.[3] But Conner then moved to vacate the dismissal, explaining that she didn't oppose the motion to dismiss because she never received it.[4] I granted that motion and vacated the resulting judgment.[5] Having now evaluated the motion to dismiss on its merits, I grant the motion and dismiss Conner's case with prejudice for want of subject-matter jurisdiction.[6]

---

[1] ECF No. 1.

[2] ECF No. 3.

[3] ECF No. 4.

[4] ECF No. 6.

[5] ECF No. 11.

[6] Because I grant the motion to dismiss for want of subject-matter jurisdiction, I need not so do not reach the parties' arguments about insufficient service or failure to state a claim.

## Discussion

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute."[7]  Federal Rule of Civil Procedure 12(b)(1) authorizes federal courts to dismiss a complaint for want of subject-matter jurisdiction.[8]  The party asserting federal jurisdiction has the burden of establishing all its requirements, and the court presumes that it lacks subject-matter jurisdiction until it is established by the plaintiffs.[9]

### I.    This court lacks subject-matter jurisdiction over Conner's action.

### A.    Conner's claims against the government are precluded by sovereign immunity, the Declaratory Judgment Act, and the Anti-Injunction Act.

The United States is immune from suit unless it expressly consents to be sued.[10]  So, "[i]n an action against the United States, in addition to statutory authority granting subject[-]matter jurisdiction, there must be a waiver of sovereign immunity."[11]  "The Supreme Court has 'frequently held . . . that a waiver of sovereign immunity is to be strictly construed . . . in favor of the sovereign.'"[12]  Absent that waiver, the case must be dismissed because the federal court lacks subject-matter jurisdiction.[13]

---

[7] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[8] Fed. R. Civ. P. 12(b)(1).

[9] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[10] *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see United States v. King*, 395 U.S. 1, 4 (1969) (holding that waiver of sovereign immunity "cannot be implied but must be unequivocally expressed").

[11] *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991).

[12] *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)).

[13] *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 489 (1983) ("If one of the specified exceptions to sovereign immunity" does not apply, "federal courts lack subject[-]matter jurisdiction.").

Conner seeks declaratory relief and civil damages for the constitutional violations she alleges.[14]  The government argues that declaratory relief is barred by the Declaratory Judgment Act (DJA) and that Conner has failed to exhaust the administrative remedies necessary to assert a claim for civil damages based on federal-tax activity.[15]  Indeed, § 2201(a) of the DJA gives courts the power to grant declaratory relief in "a case of actual controversy within its jurisdiction, **except with respect to [f]ederal taxes**."[16]  Conner's action indisputably falls within this exception and is thus subject to the "jurisdictional bar to declaratory relief related to federal tax controversies."[17]  And to the extent Conner alternatively seeks injunctive relief, the Supreme Court held in *Enochs v. Williams Packing & Navigation Company* that the Anti-Injunction Act (AIA) bars suit against the United States for an injunction against the collection of taxes.[18]  So both the DJA and AIA preclude Conner from seeking declaratory or injunctive relief against the government in this tax action.

### B.   Conner has failed to plead sufficient facts showing that she exhausted her administrative remedies as required by 26 U.S.C. § 7433(d)(1).

Conner's claim for civil damages also fails to survive the government's motion to dismiss because she has not shown that she exhausted all her administrative remedies prior to bringing this action.  The Ninth Circuit has held that 26 U.S.C. § 7433(a) provides the exclusive remedy

---

[14] ECF No. 1 at 26.

[15] ECF No. 3 at 5–10.

[16] 28 U.S.C. § 2201(a) (emphasis added).  The statute notes an exception for actions brought under § 7428 of the Internal Revenue Code of 1986, but that provision is not relevant in this action.  *Id.*

[17] *Flaa v. Hollywood Foreign Press Ass'n*, 55 F.4th 680, 696 (9th Cir. 2022).

[18] *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6 (1962); *see* 26 U.S.C. § 7421(a) ("No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.").

for unauthorized tax-collection activity.[19]  To bring a private right of action under § 7433(a), a plaintiff must first exhaust her administrative remedies through the IRS.[20]  At minimum, Conner must show that she sent the IRS an administrative claim containing all the information required by 26 C.F.R. § 301.7433-1(e)(2).[21]  Failure to do so deprives the court of subject-matter jurisdiction to hear the case.[22]

Though Connor alleges that she "expended three years of effort in seeking from the IRS an authoritative remedy," "filed a [p]etition in the U.S. Tax Court," and made "multiple pleas for due process . . . while exhausting all administrative remed[ies] possible,"[23] none of those facts demonstrates that she complied with the requirements of § 301.7433-1(e)(2).  In fact, the documents Conner includes as exhibits show that she did not meet those requirements.  The letter Connor submits titled "An Appeal To Exhaust Administrative Remedy Before Filing Suit Under IRC §§ 7433 & 7214" does not include Conner's taxpayer identification number as required by § 301.7433-1(e)(2)(i).  That letter also failed to comply with the requirement that the taxpayer include the dollar amount of the claim;[24] Conner stated only that she seeks "monetary damages in the amount of $ Sum-Total-Amt withheld-to-date; and accruing daily."[25]  Finally, Conner's other exhibits consisting of letters between herself, her employer Southwest Airlines, and the

---

[19] *See Shwarz v. United States*, 234 F.3d 428, 433 (9th Cir. 2000); 26 U.S.C. § 7433(a).

[20] 26 U.S.C. § 7433(d)(1).

[21] 26 C.F.R. §301.7433-1(e)(2); *see Clark v. United States*, 462 F. App'x 719, 721 (9th Cir. 2011) (unpublished).

[22] *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992).

[23] ECF No. 1 at ¶¶ 48–49.

[24] 26 C.F.R. §301.7433-1(e)(2)(iv).

[25] ECF No. 17 at 56.

IRS[26] are either not administrative claims or likewise fail to include the information required by § 301.7433-1(e)(2).  So I find that Conner has failed to demonstrate that she exhausted all her administrative remedies with the IRS and thus failed to carry her burden to show that her action falls within the scope of the government's consent to be sued.

### C.   Conner cannot sidestep the government's sovereign immunity by asserting a claim against IRS Officer O'Neal.

It is unclear whether Conner asserts her claims against O'Neal in the officer's official or individual capacity.  Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, a plaintiff may sue a federal officer in his individual capacity for damages for violating the plaintiff's constitutional rights.[27]  But the Ninth Circuit held in *Adams v. Johnson* that "*Bivens* relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes."[28]  And if I were to construe Conner's claims against O'Neal as official-capacity ones, those claims would be precluded by sovereign immunity because "a suit against IRS employees in their official capacity is essentially a suit against the United States," and "[i]t has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants."[29]  So Conner cannot assert a *Bivens* action against O'Neal and otherwise has no claims against the officer or the government that fall within this court's subject-matter jurisdiction.  I thus grant the motion to dismiss all claims asserted in this suit for want of subject-matter jurisdiction.

---

[26] *See generally* ECF No. 1-2.

[27] *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971).

[28] *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004).

[29] *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

**II.      The dismissal is without leave to amend because any amendment would be futile.**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave [to amend a complaint] when justice so requires."[30]  The Ninth Circuit's amendment policy is generous, particularly for pro se plaintiffs.  It requires a district court to "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[31]

But amendment would not cure Conner's claims of their jurisdictional defects because sovereign immunity, the DJA, and the AIA bar suit against the government.  And even if Conner were permitted to amend her § 7433 claim to show that she properly exhausted her administrative remedies with the IRS, her claim would still fail because it is based on sovereign-citizen tax-avoidance theories that courts regularly regard as "frivolous" and "ordinarily reject . . . without extended argument"[32]—and often with sanctions imposed on the filers of these meritless suits.  Because leave to amend would be futile, the dismissal is without such relief.

---

[30] Fed. R. Civ. P. 15(a).

[31] *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

[32] *United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (unpublished); *see also United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (noting that sovereign-citizen theories attempting to avoid paying taxes are "silly" or "frivolous"); *Bey v. State of Indiana*, 847 F.3d 559, 559–61 (7th Cir. 2017) (calling a plaintiff's attempt to avoid taxation as a sovereign citizen "frivolous" and noting that "he was lucky to be spared sanctions for filing such a suit"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating that sovereign-citizen "theories should be rejected summarily, however they are presented"); *United States v. Studley*, 783 F.2d 934, 937 n. 3 (9th Cir. 1986) (noting that sovereign-citizen tax arguments have "been consistently and thoroughly rejected by every branch of the government for decades" and that "such utterly meritless arguments [are] now the basis for serious sanctions imposed on civil litigants who raise them").

### Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 3] is GRANTED**. This case is dismissed in its entirety, with prejudice and without leave to amend, for want of subject-matter jurisdiction.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
July 13, 2023